IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUDY BUTCH STANKO,<br><br>                Plaintiff,<br><br>vs.<br><br>BOSSELMAN ENTERPRISES; PAUL RIGGS, Division Manager, individually and in his official capacity; and DEFENDANTS 1X THROUGH 3X, individually,<br><br>                Defendants. | 7:17CV5000<br><br>**ORDER** |

       This matter is before the Court on plaintiff Rudy Butch Stanko's ("Stanko") Motion for Leave to File Amended Complaint (Filing No. 15). Stanko filed his Motion for Leave on April 5, 2017. Two days before that, this Court dismissed Stanko's Complaint against defendants Bosselman Enterprises and Paul Riggs (collectively, "defendants") for failing to state a plausible claim for relief. *See* Fed. R. Civ. P. 12(b)(6). In particular, the Court determined Stanko failed to show (1) state action as required to support his First Amendment and 42 U.S.C. § 1985(3) claims and (2) the requisite contractual relationship or discriminatory animus to support any 42 U.S.C. § 1981 claim. The Court entered judgment the same day.

       Stanko filed the present Motion for Leave pursuant to Federal Rule of Civil Procedure 15. "Whether to grant a motion for leave to amend is within the sound discretion of the court." *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999). Under Rule 15(a)(2), "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "plaintiffs do not have an absolute or automatic right to amend." *U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). And this Court is "not required to engage in a guessing game" as to the

proposed amendments. *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002).

The Court may also deny "leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)); *accord In re Charter Commc'ns, Inc., Sec. Litig.*, 443 F.3d 987, 993 (8th Cir. 2006) ("Denial of a motion to amend on [the ground that an amended pleading would be futile], particularly a motion filed after the district court's final ruling, is not an abuse of discretion."). "Some examples of futile claims are ones that are duplicative or frivolous, or claims that could not withstand a motion to dismiss under Rule 12(b)(6)." *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014) (internal marks and citations omitted) (quoting *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010)).

In moving for leave to amend, Stanko has not complied with the local rules regarding such motions nor otherwise explained—even in simple terms—how any proposed pleading would cure the substantial deficiencies in his Complaint. Under Nebraska Civil Rule 15.1(a),

> A party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments. Except as stated in these rules or court order, the proposed amended pleading must be a complete pleading that, if allowed to be filed, supersedes the original pleading in all respects; no part of the prior pleading may be incorporated into the proposed amended pleading by reference. The motion for leave to amend must (1) specifically state the proposed amendments and (2) state whether the motion is unopposed or opposed, after conferring with opposing parties.

Stanko has not attached a proposed amended complaint, stated his proposed amendments, or indicated whether he conferred with the defendants about any opposition to such a motion. What's more, Stanko impermissibly leaves the Court to guess at what his proposed amendments might be. *See Meehan*, 312 F.3d at 914.

In his Motion for Leave, Stanko simply states "[t]he case is in the beginning stages" and that he has identified some of the unknown defendants. "[A] party is not entitled to amend a complaint without making a showing that such an amendment would be able to save an otherwise meritless claim." *Plymouth Cnty., Iowa v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014); *see also Frentzel v. Boyer*, 297 F. App'x 576, 578 (8th Cir. 2008) (unpublished per curiam) (concluding "the district court did not abuse its discretion" in denying a motion to amend "because the amendment would have been futile as [the plaintiff] could not establish a constitutional violation").

"Given [Stanko's] failure to communicate the substance of h[is] proposed amendments," the Court finds no compelling reason to grant Stanko's post-dismissal motion for leave to amend. *Fairview Health Sys*., 413 F.3d at 750 (affirming the denial of leave to amend where the plaintiff did not attach an amended pleading as required by local rule and did not "detail the substance of her amendment or delineate which new claims she would assert"); *accord Dudek v. Prudential Securities, Inc.*, 295 F.3d 875, 880 (8th Cir. 2002) (same). Stanko's post-dismissal Motion for Leave to File Amended Complaint (Filing No. 15) is denied.

IT IS SO ORDERED.

Dated this 7th day of April, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge